**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JEFFREY J. LAPORTE,<br><br>Plaintiff,<br><br>v.<br><br>MIDSTATE COLLECTION SOLUTIONS, INC.,<br><br>Defendant. | Case No. 1:20-cv-07756 |

## COMPLAINT

**NOW COMES** Jeffrey J. LaPorte ("Plaintiff"), by and through his undersigned attorneys, complaining of Midstate Collection Solutions, Inc., ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Northern District of Illinois, and Defendant conducts business in the Northern District of Illinois and maintains significant business contacts in the Northern District of Illinois.

### PARTIES

4. Plaintiff is a natural person over 18-years-of-age who is a "consumer" as the term is defined by 15 U.S.C §1692a(3).

5. Defendant is a third-party debt collector with its principal office located at 2009 Round Barn Road, Suite B, Champaign, Illinois 61821. Defendant is in the business of collecting or attempting to collect defaulted consumer debts owed to others throughout the country, including in the state of Illinois.

## FACTS SUPPORTING CAUSES OF ACTION

6. Prior to the conduct giving rise to this cause of action, Plaintiff incurred a medical debt totaling $854.47 ("subject debt").

7. Due to financial hardship, Plaintiff defaulted on the subject debt.

8. Defendant acquired the rights to collect upon the subject debt after it was in default.

9. In or around December 2020, Plaintiff noticed Defendant was reporting the subject debt on his credit reports.

10. Plaintiff was perplexed because he never received any written correspondence or collection phone calls from Defendant.

11. On December 23, 2020, Plaintiff called Defendant and asked for more information about the subject debt.

12. The phone call on December 23, 202,0 was the first communication between Plaintiff and Defendant.

13. During the phone call, Defendant's representative failed to inform Plaintiff that she was a debt collector attempting to collect a debt and that any information obtained would be used for that purpose.

14. Furthermore, when Plaintiff asked for Defendant to send him written correspondence validating the subject debt, Defendant's representative insisted that Plaintiff had already received correspondence and collection calls from Defendant.

15. At no time, did Plaintiff receive any written correspondence from Defendant describing his validation rights pursuant to the FDCPA.

16. Defendant's representative further stated that the only way Plaintiff could request additional written correspondence from Defendant was in writing.

## DAMAGES

17. Defendant's misleading debt collection practices have disrupted Plaintiff's daily life and general well-being.

18. Defendant's illegal collection activities have caused Plaintiff actual harm, including but not limited to, wasting Plaintiff's time, emotional distress, mental anguish, and anxiety.

19. Concerned about the violations of his rights, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

20. Plaintiff restates and realleges paragraphs 1 through 19 as though fully set forth herein.

21. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

22. The alleged subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

23. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail, the telephones, and credit reporting to collect defaulted accounts allegedly owed to a third party.

24. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was allegedly in default. 15 U.S.C. §1692a(6).

25. Defendant used credit reporting to attempt to collect the subject debt and, as such, engaged in “communications” as defined in FDCPA §1692a(2).

26. Defendant violated 15 U.S.C. §1692e, e(10), e(11), and g through its unlawful debt collection practices.

**a. Violations of FDCPA § 1692e**

27. Defendant violated §1692e and e(10) by using false, deceptive, and misleading representation in connection to collection of the subject debt. It was misleading and deceptive for Defendant to not disclose to Plaintiff that it was a debt collector attempting to collect a debt, and that any information obtained would be used for that purpose.

28. Defendant violated §1692e(11) during its phone call with Plaintiff by failing to provide Plaintiff with the complete mini-Miranda warning stating that Defendant was a debt collector attempting to collect a debt, and that any information obtained would be used for that purpose. This was the first communication Defendant had with Plaintiff, and as such Defendant should have provided the mini-Miranda disclosure in its entirety.

**b. Violations of FDCPA §1692g**

29. Defendant violated §1692g by failing to send Plaintiff a written validation notice within five days of the initial communication. During a phone conversation with Defendant, Plaintiff verified his address in order for Defendant to send documents relating to the subject debt.

30. Moreover, Defendant deprived Plaintiff of his right to dispute the validity of the subject debt, as prescribed by the FDCPA.

31. As an experienced debt collector, Defendant knew or should have known the ramifications of using deceptive and misleading means to attempt to collect a debt.

32. As described above, Plaintiff was harmed by Defendant’s conduct.

**WHEREFORE**, Plaintiff JEFFREY J. LAPORTE respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
d. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: December 28, 2020

Respectfully Submitted,

/s/ Alexander J. Taylor
/s/ Marwan R. Daher
/s/ Omar T. Sulaiman

Alexander J. Taylor, Esq.
Marwan R. Daher, Esq.
Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S. Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com
mdaher@sulaimanlaw.com
osulaiman@sulaimanlaw.com